**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Timothy G. McFarlin (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
JOSEPH SANCHEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SANCHEZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>BIG LOTS #4045, a business of unknown form; PNS STORES, INC., a California corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 8:19-cv-00675-JLS-JDE<br><br>**DECLARATION OF JARROD Y. NAKANO RE JOINT 26(f) REPORT** |

# DECLARATION OF JARROD Y. NAKANO

I, Jarrod Y. Nakano, declare as follows:

1. I am a partner at McFarlin LLP, duly admitted to practice before the Courts of the State of California and the United States District Court for the Central District of California. I am the counsel of record for Plaintiff Joseph Sanchez ("Plaintiff") and I am the attorney responsible for the day-to-day handling of this file, Case No. 8:19-cv-00675-JLS-JDE.

2. I make this declaration in response to the Court's Order to Show Cause regarding failure to submit a Joint Rule 26(f) report, dated August 12, 2019. Except as otherwise expressly stated to the contrary, I have personal knowledge of the facts and circumstances of this case. If called as a witness, I can and will competently testify as to the matters contained herein.

3. The parties in this action are: Plaintiff JOSEPH SANCHEZ on the one hand, and Defendant PNS stores, Inc. ("Defendant"), on the other hand. Defendant owns and operates a chain of stores known as "Big Lots". One such store located within a shopping center known as Vineyard Valley Shopping Center located in Victorville, California. Defendant retained the services of Keith M. Rozanski ("Rozanski") of Haight Brown & Bonesteel LLP to represent it in this action. Rozanski filed an Answer to the Complaint on June 26, 2019.

4. On June 27, 2019, Rozanski contacted our firm via email and explained that, among other things, that Big Lots is subject to a common area management agreement, which Rozanski was in the process of reviewing to determine if another entity was responsible for the parking lot/common areas, contractual or otherwise. Rozanski stated that if another entity was found responsible for the parking lot/common areas, he would notify us as their liability would shift to that entity and/or look to that entity to pay any settlement. A true and correct copy of the June 27, 2019 email is attached and incorporated hereto as Exhibit A.

5.  On July 8, 2019, our firm was contacted by Mr. Joseph Arias ("Arias") via email, who, according to Arias, represents BLM Victorville ("BLM). Arias stated that, according to Rozanski, BLM owns the shopping center where Big Lots is located, and that Defendant has tendered its defense to BLM pursuant to the terms of a Declaration of Covenants and Restrictions, Grant of Reciprocal Easements and Common Area Maintenance Agreement that was allegedly entered into between BLM and Defendant years ago. Having said this, Arias explained that BLM had yet to accept the tender, and that Arias expected their issue to resolved in the coming days. A true and correct copy of the July 8, 2019 email is attached and incorporated hereto as Exhibit B.

6.  On July 23, 2019, Arias contacted our firm via email and confirmed that his client, BLM, accepted Defendant's tender of defense.

7.  Pursuant to this court's order, the Joint Rule 26(f) report was due by August 2, 2019, 14 days before the date set for the scheduling conference.

8.  On August 8, 2019, our firm was contacted by Arias as a reminder that parties were late on drafting and filing the Joint Rule 26(f) report. On the same day, I responded to Arias and explained that our firm would be sending him a draft Joint Rule 26(f) report for his review, and we would file the document once complete.

9.  Due to my lack of oversight, on August 12, 2019, Arias filed a unilateral Rule 26(f) report that only included Defendant's information because of our inability to provide Arias with the Plaintiff's information for the Rule 26(f) report. Arias had no choice but to file a unilateral report given these circumstances.

10. It was not my intention to omit Plaintiff's information for the Joint Rule 26(f) report. My office failed to timely update opposing counsel information and I deeply regret the systematic breakdown, which has now been addressed with our staff.

11. I accept full responsibility for the failure to communicate and collaborate with Arias that lead to the Joint Rule 26(f) report absent of the

Plaintiff's information, and ultimately, tardy filing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 28, 2019, in Irvine, California.

_____
Jarrod Y. Nakano

# EXHIBIT A

**Rozanski, Keith** <krozanski@hbblaw.com>
to me, Brian, Timothy, Jarrod

Michael: Good to hear from you. I am out of the office today so missed your voicemail. Typically, in construction related ADA matters we request an initial settlement demand along with copies of any photographs of the alleged disability access violations taken by plaintiff or your office along with copies of any receipts for purchase made at the start as prima facie evidence that plaintiff was present at the property and encountered disability access violations. Please forward those and we should be able to try and resolve the case. In full disclosure, this property is subject to a common area management agreement which I am reviewing right now to determine if another entity is responsible for the parking lot/common areas contractual or otherwise. If so we will likely tender our defense to that entity and/or look to them to pay any settlement since they would be responsible for the parking lot where plaintiff contends he encountered disability access violations.


Keith Rozanski
Attorney
D: 213.542.8055
krozanski@hbblaw.com

Haight Brown & Bonesteel LLP
555 South Flower
Street Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

# EXHIBIT B

8/27/2019      Re: Joseph Sanchez vs. Big Lots (PNS Stores) - michael@mcfarlinlaw.com - McFarlin Law Mail

Sent by me on behalf of Joseph Arias:

---

Dear Mr. McFarlin,

This letter is in response to a demand letter issued by the plaintiff dated June 27, 2019 and addressed to Keith M. Rozanski, counsel for PNS stores, Inc. (PNS). I represent BLM Victorville (BLM) who, according to Mr. Rozanski, owns the shopping center where the Big Lots store is located. I understand PNS operates Big Lots #4045. PNS' Answer to the complaint states it was "erroneously sued and served as "Big Lots #4045."

Regardless, PNS has tendered its defense to BLM pursuant to the terms of a Declaration of Covenants and Restrictions, Grant of Reciprocal Easements and Common Area Maintenance Agreement that was allegedly entered into between BLM and PNS years ago. Thus, I am in the process of evaluating this matter and BLM has yet to accept the tender. I expect this issue to be resolved in the days ahead.

With that background, and assuming BLM accepts PNS' tender of defense, the responsible party will be unable to respond to the plaintiff's settlement demand referenced above by July 11, 2019.

Joseph Arias
Arias & Lockwood, Attorneys at Law
1881 S. Business Center Drive, Suite 9A
San Bernardino, California 92408
(909) 890-0125 - Phone
(909) 890-0185 - Fax

---

Sharvonne R. Sulzle
Paralegal ~ Office Administrator
**Arias & Lockwood, APLC**
*Certified Appellate Specialists*
1881 S. Business Center Drive, Suite 9A
San Bernardino, California 92408
www.AriasLockwood.com
(909) 890-0125 - Phone
(909) 890-0185 - Fax